Case 1:19-cr-00156-JMS-MJD   Document 63   Filed 09/09/24   Page 1 of 4 PageID #: 465

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America </br> v. </br> Tremaine Weekly | Case No: 1:19-cr-00156-JMS-MJD-01 </br> USM No: 17054-028 |
| Date of Original Judgment: 08/17/2020 </br> Date of Previous Amended Judgment: </br> *(Use Date of Last Amended Judgment if Any)* | Dominic Martin (prior) </br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 09/09/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:18-cr-00155-JMS-MJD |
| ) | |
| ) | |
| TREMAINE WEEKLY (01), ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Tremaine Weekly (01) has filed Motions to Reduce Sentence based on USSC Amendment 821. [48 & 54].[1] Mr. Weekly was convicted of carjacking; use, carry and/or brandishing of a firearm during and in relation to a crime of violence; felon in possession of a firearm; and attempted carjacking. [34]. He received a sentence of 96 months on Counts 1, 3 and 5 to be served concurrently, and 84 months on Count 2, to be served consecutively for a total of 180 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [48 & 54]. The Government has filed a Response in Opposition in which it asserts that Mr. Weekly is ineligible because the amendment does not reduce his guideline range [59].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Weekly. [49]. Counsel was later granted leave to withdraw. [52]. Mr. Weekly was afforded an opportunity to supplement his petition following the withdrawal [53], which he did [54].

a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Weekly is ineligible for resentencing. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). While indeed this amendment applies to Mr. Weekly, and his criminal history points would be reduced from 15 to 14, he would remain in Criminal History Category VI and his guideline range would not change.

The Court therefore does not proceed to step two under *Dillon*.

To the extent Mr. Weekly argues that either the conditions of his confinement or events occurring during his incarceration warrant a sentence reduction under Amendment 821 he is mistaken. Amendment 821 affords the Court no discretion when it comes to such claims. And, as he notes, he is pursuing a civil damages claim because of those circumstances.

For the foregoing reasons, Mr. Weekly's Motions to Reduce Sentence [48 & 54] are **DENIED.** However, a Notice of Change in Criminal History Points shall be forwarded to Mr. Weekly's warden.

IT IS SO ORDERED.

Date: 9/9/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

By U.S. Mail to:
Tremaine Weekly
#17054-028
FCI Atlanta
Federal Correctional Institution
P.O. Box 150160
Atlanta, GA  30315


Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kyle.sawa@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov